IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-40355
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CLIFFORD ALEXANDER LEWIS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. G-95-CR-10-4
No. G-98-CV-241
--------------------
December 12, 2001
Before HIGGINBOTHAM, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Clifford Alexander Lewis appeals his drug conspiracy conviction.  The sole issue raised on appeal is whether the district court properly instructed the jury to consider the evidence against each defendant separately and individually. Lewis contends that he was denied due process because the district court failed to give such an instruction.  Lewis concedes that he did not object on this ground in the district court and that this issue therefore is reviewed for plain error.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The record shows that the district court did give a proper limiting instruction that effectively cured any risk of spillover prejudice.  See United States v. Morrow,  177 F.3d 272, 290 (5th Cir. 1999).  Specifically, the district court instructed the jury that:

> A separate crime is charged against one or more of the Defendants in each count of the Superceding Indictment.  Each Count, and the evidence pertaining to it, should be considered separately.  Also, the case of each Defendant should be considered separately and individually.  The fact that you may find one or more of the Defendants guilty or not guilty of any of the crimes charged should not control your verdict as to any other crime or any other Defendant.  You must give separate consideration to the evidence as to each Defendant.

The jury is presumed to follow the court's instructions.  Id. Lewis has shown no error, let alone plain error, in the district court's jury instructions.

This appeal is without arguable merit and thus frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED.  5th Cir. R. 42.2.